IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GREGORY SHEGOG
(BOP #19790-044),

Petitioner,

v.                                                    No. 11-cv-37-DRH

UNITED STATES PAROLE
COMMISSION,

Respondent.

## ORDER

**HERNDON, Chief Judge:**

In this habeas corpus action, filed pursuant to 28 U.S.C. § 2241, petitioner Gregory Shegog challenges certain conditions of his parole revocation and supervised release. The instant action was filed while petitioner was incarcerated at USP-Marion, Illinois, on January 13, 2011. Since that time, petitioner has been released and now resides in St. Louis, Missouri. The decision challenged by petitioner was made after a parole revocation hearing held on July 7, 2010, in the Western District of Oklahoma. Petitioner's special parole was revoked for the second time, and he was given no credit toward his six-year parole term for the time he had spent on special parole (Doc. 1-2, p. 1). Petitioner filed an appeal of the decision with the Appeals Unit of the U.S. Parole Commission on September 3, 2010, but had not received a response as of the date he filed the instant action

(Doc. 1, p. 5; Doc. 1-2, pp. 7-11). Petitioner argued that he should have been given credit for his "street time" after his earlier release on August 6, 2007 (Doc. 1-1, pp. 1-2).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

It is well settled that federal prisoners must first exhaust administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court. *Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir. 1986); *Anderson v. Miller*, 772 F.2d 375, 376-77 (7th Cir. 1985); *Jackson v. Carlson*, 707 F.2d 943, 949 (7th Cir. 1983). This is particularly true where the development of a factual record by the administrative agency would be useful for judicial review and where there would be a "significant saving of judicial resources." *Smith v. Fenton*, 424 F. Supp. 792, 796 (E.D. Ill. 1976). Administrative remedies must also be exhausted when a federal prisoner seeks injunctive or other mandatory relief. *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989); *Del Raine v. Carlson*, 826 F.2d 698, 703 (7th Cir. 1987). Petitioner must first exhaust his administrative appeals, pursuant to 28 C.F.R. § 542 Subpart B, before he may proceed in federal court.

In the instant case, petitioner had received no response to his administrative appeal to the Appeals Unit of the U.S. Parole Commission at the time he filed this petition for habeas relief. Because petitioner has not exhausted the administrative appeal procedure, his petition must be dismissed without prejudice. Petitioner may again seek review if necessary, after exhausting his administrative remedies.

In addition, petitioner has not paid the $5.00 filing fee for this action, nor has he filed a motion to proceed *in forma pauperis* (IFP). Petitioner's obligation to pay the $5.00 filing fee for this action was incurred at the time his petition was filed, thus the filing fee remains due and payable.

For the foregoing reasons, this action is summarily DISMISSED without prejudice to petitioner re-filing his claim in a timely manner after having exhausted his administrative remedies.

**IT IS SO ORDERED.**

Signed this 17th day of August, 2011.

Digitally signed by
David R. Herndon
Date: 2011.08.17
14:58:15 -05'00'

**Chief Judge**
**United States District Court**